Martín, J.
delivered the opinion of the court, The defendant’s counsel contends that the confession of the executors, drawn by an interrogatory, is not sufficient to chargethe estate, because *730 ^ ^e> t^ie rights of the heir, máy be a^cted by parol evidence, in cases in which that kind of proof js inadmissible.
4 The law authorises every party to probe the conscience of his adversary, and to draw from him any evidence in his possession : it makes no distinction in cases of executors, and it is not easy to discover on what grounds it should. The executor is the chosen friend, who possessed the confidence of the testator in his last moments : the person whom he selected to protect and defend his estate, after his death. He may bind the estate by confessing judgment, by not availing himself of certain exceptions, which it is his conscientious duty to decline to use, when he knows the demand to be fair. It is true, he may possibly do an injury to the heir : but he is accountable for his conduct to him. But the testator, if he had no forced heirs, might have disposed of his whole estate, in favor of the executor, or any other person. The forced heir may prevent the interference of the executor, by paying or securing the payment of the legacies. This, it is true, the heir may, sometimes, be unable, to do: but the case of a father, on his death bed, colluding, in order to destroy the rights of his children, with the person whom»he is about to appoint his executor, in the hope that he may, by paying, and collusion with, feigned creditors, charge his estate is *731 too remote to authorise us to conclude, that the legislature did not intend that the general law, authorising an appeal to the conscience of the party, should reach the case of an executor.
It is, therefore, ordered, adjudged and decreed, that the judgment formerly rendered, in this case, remain in force as if no rehearing had been granted.